CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/11/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

EMPLOYERS RESOURCE MANAGEMENT COMPANY,

    Plaintiff,

v.                                                  Civil Action No. 5:19-cv-00045

BLIZZARD TRANSPORTATION, LLC,

    Serve: Ricky D. Blizzard, Registered Agent
             1519 Pleasants Dr.
             Harrisonburg, VA 22801

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, EMPLOYERS RESOURCE MANAGEMENT COMPANY, an Idaho corporation ("ERMC"), by counsel, and hereby complains and alleges as follows:

### GENERAL ALLEGATIONS

1. ERMC is an Idaho corporation with its principal place of business in Boise, Idaho.

2. Defendant Blizzard Transportation, LLC ("Blizzard") is a Virginia limited liability company doing business with ERMC. Upon information and belief, Blizzard's member(s) reside in Virginia and no member of Blizzard is a citizen of Idaho.

3. On August 15, 2006, Blizzard entered into a Client Service Agreement with ERMC (the "Agreement," at Exhibit A hereto).

4. As part of its obligations under the Agreement with Blizzard, ERMC was obligated to provide Blizzard professional employer services that included, but was not necessarily limited to, payroll and worker's compensation insurance management.

5. As part of its obligations under the Agreement with ERMC, Blizzard agreed that that it would indemnify, defend and hold ERMC harmless for the payment of any workers' compensation claims whereby Blizzard failed to disclose the existence of any employee to ERMC. (*See* Exh. A at § 12(b)).

6. Beginning in 2017, Blizzard breached its obligations to ERMC under the Agreement.

7. First, Blizzard failed to report a statutory employee who presented a claim for workers' compensation benefits for injuries sustained on or about September 22, 2017. Despite Blizzard's failure to report the employee, ERMC has paid the workers' compensation benefits to the unreported employee.

8. Blizzard's failure to report its employee triggered Blizzard's duty to indemnify, defend and hold ERMC harmless for the payment of any and all workers' compensation claims and expenses paid on behalf of the unreported employee.

9. To date, ERMC has paid indemnity, medical costs and expenses in excess of $77,140.93 on behalf of the unreported employee.

10. Despite written demands from ERMC, Blizzard has failed, neglected and refused to indemnify, defend and hold ERMC harmless for the payment of the workers' compensation claims paid to the unreported employee.

## VENUE AND JURISDICTION

11. ERMC incorporates the statements and allegations set forth in Paragraphs 1 through 10 above, as though fully set forth in this paragraph.

12. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and ERMC and Blizzard (via its members) are citizens of

different states and have their principal places of business in different states.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because Blizzard resides in the Western District of Virginia.

## COUNT I
## BREACH OF AGREEMENT (workers' compensation claim)

14. ERMC incorporates the statements and allegations set forth in Paragraphs 1 through 13 above, as though fully set forth in this paragraph.

15. Blizzard is in breach of its obligations under the terms of the Agreement because it has failed to indemnify, defend and hold ERMC harmless for the payment of any and all workers' compensation claims and expenses paid on behalf of the unreported employee.

16. To date, ERMC has paid indemnity, medical costs and expenses in excess of $77,140.93 on behalf of the unreported employee, which medical costs are owed by Blizzard to ERMC.

17. As a result of Blizzard's breach of the Agreement with respect to the unreported employee's workers' compensation claim, ERMC has been damaged in the amount of $77,146.93 plus prejudgment interest, attorney fees and costs.

## COUNT II
## ATTORNEYS' FEES

18. ERMC incorporates the statements and allegations set forth in Paragraphs 1 through 17 above, as though fully set forth in this paragraph.

19. ERMC has been required to obtain the services of counsel to pursue this action. Pursuant to the terms of the Agreement, ERMC is entitled to reasonable attorneys' fees incurred in the present action.

20. In the event judgment is entered in this matter by default, ERMC requests the sum

of $20,000.00 as reasonable attorneys' fees, or such other sum as the Court deems just and reasonable if this matter is contested.

WHEREFORE, ERMC prays for a judgment as follows:

A.    Against Blizzard in an amount of $77,146.93 plus prejudgment interest for Blizzard's breach of the Agreement with respect to the workers' compensation claim;

B.    For prejudgment interest pursuant to applicable law;

C.    For reasonable attorneys' fees and costs incurred in the prosecution of this action, $20,000.00 in the event of default, and for such other and further sums as the Court may find reasonable if this matter is contested;

D.    For costs and expenses incurred herein; and

E.    For such other and further relief as the Court may deem proper.

DATED this 11th day of June, 2019.

          EMPLOYERS RESOURCE MANAGEMENT COMPANY
          By Counsel

/s/ Andrew S. Baugher
ANDREW S. BAUGHER (VSB #74663)
Flora Pettit PC
90 N. Main St.
Harrisonburg, VA 22802
Tel: (540) 437-3138
Fax: (540) 437-3101
asb@fplegal.com

SAMUEL A. DIDDLE (*pro hac vice* application to be submitted)
Eberle, Berlin, Kading, Turnbow,
& McKlveen, Chartered
1111 W. Jefferson St., Suite 530
P.O. Box 1368
Boise, ID 83701-1368
Tel: (208) 344-8535
SDiddle@eberle.com

*Counsel for Plaintiff*
760896